IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MELVIN EUGENE SMITH,<br><br>        Plaintiff,<br><br>  v.<br><br>WARDEN BIGELOW et al.,<br><br>        Defendants. | **ORDER TO AMEND DEFICIENT<br>AMENDED COMPLAINT, &<br>MEMORANDUM DECISION**<br><br>Case No. 2:12-CV-389 CW<br><br>District Judge Clark Waddoups |

    Plaintiff, Melvin Eugene Smith, a prisoner at Utah State Prison, filed this *pro se* civil rights suit.[1] Reviewing the Amended Complaint under § 1915A, the Court has determined that Plaintiff's Amended Complaint is deficient as described below.

**Deficiencies in Amended Complaint**

    Amended Complaint:

(a)   inappropriately suggests civil-rights violations against defendant prison warden on a respondeat-superior theory.

(b)   provides no affirmative link between violation of Plaintiff's civil rights and the actions of Defendant Bigelow.

(c)   is not printed on a proper court-approved form complaint.

(d)   has claims apparently regarding current confinement; however, the complaint was apparently not drafted with the help of contract attorneys.

---

[1] *See* 42 U.S.C.S. § 1983 (2012).

**Instructions to Plaintiff**

Under Rule 8 of the Federal Rules of Civil Procedure a complaint must contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."[2]  Rule 8(a)'s requirements are meant to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."[3]

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8.  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."[4]  Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant."[5]  Thus, the Court cannot "supply additional

---

[2]Fed. R. Civ. P. 8(a).

[3]*TV Commnc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

[4]*Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991).

[5]*Id.* at 1110.

facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."[6]

Plaintiff should consider these points when refiling his complaint. First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint or supplement.[7] Second, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights.[8] "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'"[9] Third, Plaintiff cannot name someone as a defendant based solely on his or her supervisory position.[10] And, fourth, Plaintiff is warned that litigants who have had three *in forma pauperis* cases dismissed as frivolous or meritless will be restricted from filing future lawsuits without prepaying fees.

---

[6]*Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

[7]*See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supercedes original).

[8]*See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action).

[9]*Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

[10]*See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983).

**ORDER**

**IT IS HEREBY ORDERED** that:

(1) Plaintiff shall have thirty days from the date of this order to cure the deficiencies noted above.

(2) the Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide.

(3) if Plaintiff fails to timely cure the above deficiencies according to the instructions here this action will be dismissed without further notice.

DATED this 6th day of July, 2012.

BY THE COURT:

_____
JUDGE CLARK WADDOUPS
United States District Court

4